

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2006

# Fernando v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1022

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fernando v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1104.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1104

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1022

———

WARNKULA SOORIYA AUGUSTINE FERNANDO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review of an Order of the
Board of Immigration Appeals
File No. A70-650-606

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2006

Before: FUENTES, STAPLETON, and ALARCÓN[*], Circuit Judges.

(Filed: May 16, 2006)

_____

[*]The Honorable Arthur L. Alarcón, Senior Judge, United
States Court of Appeals for the Ninth Circuit, sitting by
designation.

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>.

Warnkula S. Augustine Fernando petitions for review of a decision by the Board of Immigration Appeals (the "BIA") dismissing his appeal of an Immigration Judge's denial of his application for asylum and withholding of removal. Because substantial evidence supports the decision of the Board, we are compelled to deny Fernando's petition, rendering him immediately removable from the United States.

## I.      Background

Because we write only for parties who are well versed in the particulars, we provide only cursory background. Fernando is a fifty-four-year-old native of Sri Lanka and an ethnic Tamil. He entered the United States without proper documentation in or around March of 1990. As a result, over seven years later, in October of 1997, Fernando was served with a Notice to Appear charging him with removability pursuant to § 237(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A). Before an immigration judge (the "IJ") on May 7, 1998, Fernando conceded the charges in the Notice to Appear as to his illegal entry, but requested asylum, withholding of deportation or, in the alternative, the opportunity to depart the United States voluntarily. Fernando submitted an initial asylum application on October 21, 1997, claiming he was an active member in a resistance group

called the Liberation Tigers of Tamil Eelam. He stated that as a member of that group he had been arrested and abused by government officials and that if returned to Sri Lanka, he feared he would be arrested or killed. Fernando submitted a second application on August 21, 1998. In that application Fernando described various arrests, beatings and acts of torture by government authorities. However, contrary to his initial asylum application, he stated that he knew nothing of the Liberation Tigers and was unaware of any members of that organization. Having received copies of both applications, the IJ had two separate applications before him at the time of Fernando's merits hearing, which began on August 18, 1998 and ended three days later.

At the conclusion of the hearing, the IJ found that Fernando had failed to provide credible evidence in support of his applications for asylum, withholding or voluntary departure. Fernando appealed to the BIA, which, as previously noted, dismissed his appeal. Fernando is here appealing that dismissal by the BIA. We have jurisdiction pursuant to 8 U.S.C. § 242(a)(1) and review only the BIA's, and not the IJ's, decision. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005).

## II.    Analysis

As a preliminary matter we note that Fernando's first argument–asserting that the BIA erred in failing to consider one of his motions–has already been addressed, as the motion in question was considered and ruled upon by the BIA during the pendency of this appeal. Fernando's first point on appeal is thus moot, and we need not address it here.

3

We also need not address Fernando's second argument, that we should remand this case for further proceedings because the BIA and IJ failed to consider his claim for asylum based on the Sri Lankan government's "pattern and practice" of persecuting Tamils. See 8 CFR § 208.13(b)(2)(i). This issue was not briefed or argued before the BIA. Though Fernando did mention in his brief to the BIA that he might be eligible for asylum based on opinions imputed to him by the Sri Lankan government irrespective of the credibility of his testimony before the IJ, he failed to invoke Section 208.13(b)(2)(I). Because we may review Fernando's application only to the extent he has exhausted all available administrative remedies, 8 U.S.C. § 1252(d)(1), Fernando's failure to assert his claim under Section 208.13(b)(2)(I) before the BIA renders that claim nonjusticiable by this Court on appeal. See Alleyne v. U.S. INS, 879 F.2d 1177, 1182 (3d Cir. 1989) (noting that the statute that eventually became 8 U.S.C. § 1252 "bars consideration of particular questions not raised in an appeal to the Board").

Fernando next argues that the IJ's denial of his application for voluntary departure deprived him of his constitutional right to a full and fair hearing. Under 8 U.S.C. § 1229C(f), "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under subsection (b)," which relates to grants or denial of requests for voluntary departure by immigration judges. Of course we do have jurisdiction over decisions of the IJ that amount to the denial of a constitutional right. In this case, the IJ exercised his discretion not to permit voluntary departure on the ground that Fernando's application was

4

not made in good faith and that his testimony lacked credibility. Contrary to Fernando's assertion, such an exercise of the IJ's discretion does not rise to the level of a constitutional violation; it is therefore not reviewable by this Court. Accordingly, we cannot grant Fernando relief as to this claim.

Finally, as to the issue at the heart of this matter, whether substantial evidence supports the BIA's dismissal, we also cannot grant Fernando relief. As noted, the IJ's opinion and BIA's dismissal were based largely upon the former's adverse credibility determination as to Fernando. We review adverse credibility determinations for substantial evidence. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Though Fernando's narrative relating to the persecution to which he was subject in Sri Lanka was not particularly drawn-out or convoluted, there were nonetheless glaring inconsistencies among his two asylum applications and his testimony before the IJ. For example, whereas in his first application Fernando professed membership in the Tamil Tigers, a Sri Lankan rebel group often at odds with the government, in his second and in his oral testimony he made no such claim. Fernando further undermined his credibility when he stated in his testimony before the IJ that nothing happened to his body while he was being detained in June or July of 1998, a direct contradiction of his written application, which indicates that he was physically tortured during this period. Because these inconsistencies are not minor, but rather get to the "heart of the asylum claim," Id., we hold that substantial evidence supports the conclusion that Fernando's testimony was not credible. We therefore affirm the BIA's dismissal of Fernando's claims as to this point.

**III     Conclusion**

For the reasons stated above, we deny Fernando's petition for review.  We therefore order him removed from the United States to his native Sri Lanka.