**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3832
_____

WARNKULA SOORIYA AUGUSTINE FERNANDO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of
The Board of Immigration Appeals
(Agency No. A070-650-606)
Immigration Judge: Eugene Pugliese
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2019
_____

Before: SHWARTZ, SCIRICA, and FUENTES, <u>Circuit Judges</u>.

(Filed: October 8, 2019)

_____

OPINION*
_____

SHWARTZ, <u>Circuit Judge</u>.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Warnkula Sooriya Augustine Fernando petitions for review of an order from the Board of Immigration Appeals ("BIA") denying his motion to reopen. Because the BIA did not abuse its discretion, we will deny the petition.

I

Fernando is a native and citizen of Sri Lanka who entered the United States without valid entry documents in 1990. He requested asylum, claiming that he was "an active member" of the Liberation Tigers of Tamil Eelam who feared being "arrested or killed" by the Sri Lankan government. AR 1140. Fernando's application was denied and referred to an immigration judge ("IJ").

The Immigration and Naturalization Service charged Fernando with removability, which he conceded. During his 1998 removal proceedings, Fernando sought asylum and withholding of removal and claimed that, as "a Tamil male from Sri Lanka, [he] belong[ed] to a minority ethnic group that has been discriminated against by the Sri Lankan government since 1948." AR 1120. Unlike his first asylum application, his second did not assert membership in the Liberation Tigers. The IJ denied his application, citing "credibility problems," including his conflicting asylum applications. AR 842. Fernando appealed, challenging the IJ's credibility determination, and the BIA dismissed the appeal. We denied his petition for review, concluding, among other things, that there was substantial evidence to support the adverse credibility determination. Fernando v. Att'y Gen., 181 F. App'x 196, 198 (3d Cir. 2006).

Fernando then filed motions to reopen in 2006, 2007, 2017, and 2018, each of which the BIA denied. In his latest motion, Fernando claimed that there were two

2

"material change[s] in country conditions" warranting reopening of his immigration proceedings: (1) failed asylum seekers would now be "subjected to torture" upon return to Sri Lanka and (2) Tamils would now suffer persecution "on account of their ethnicity alone." AR 25-26. The BIA denied the motion because Fernando's supporting documents did not reflect the two alleged changes. Fernando petitions for review.

II[1]

Generally, an alien may file only one motion to reopen "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. §§ 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). An alien can file an otherwise time- or number-barred motion if he demonstrates "changed circumstances arising in the country of nationality" from the time of his merits hearing to the time of his latest reopening hearing. 8 C.F.R. § 1003.2(c)(3)(ii); Liem v. Att'y Gen., 921 F.3d 388, 395 (3d Cir. 2019). The evidence of changed country conditions must be "material" and unavailable at the original merits hearing. 8 C.F.R. § 1003.2(c)(3)(ii).

Fernando's argument that the BIA overlooked documents showing changed country conditions in Sri Lanka affecting failed asylum seekers and Tamils lacks merit.

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.2(c). We have jurisdiction under 8 U.S.C. § 1252(a). "We review the BIA's denial of a motion to reopen for abuse of discretion . . . and review its underlying factual findings related to the motion for substantial evidence." Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under the "substantial evidence standard," we will uphold a factual finding "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

3

First, Fernando failed to show any changes in country conditions for failed asylum seekers between 1998, the year of his merits hearing, and 2018, the year of his fourth motion to reopen. For instance, Fernando points to two newspaper articles reporting that failed asylum seekers face danger in Sri Lanka, but both articles were published in 2010 and do not address country conditions in 2018. Likewise, Fernando cites an opinion by an expert whose "most recent fact-finding visit to Sri Lanka was in May 2005." AR 271. In addition, an article submitted during Fernando's merits hearing in 1998 stated that a "Tamil refugee . . . was reportedly arrested by police in Sri Lanka as soon as he arrived at the airport." AR 1062. Lastly, Fernando included in his fourth motion to reopen a newspaper article from early 2017 reporting that "failed asylum seekers" who "returned to Sri Lanka . . . were tortured." AR 238. That same article, however, observed that failed asylum seekers "still risk torture on return to Sri Lanka," AR 236 (capitalizations omitted), and that human rights abuses are "ongoing," AR 237. Thus, substantial evidence supports the BIA's conclusion that this article "do[es] not show changed country conditions or intensified mistreatment of returned asylum seekers."[2] AR 4; see Perera v. Holder, 750 F.3d 25, 29 (1st Cir. 2014) (observing that "evidence of Sri Lanka's

---

[2] Fernando erroneously contends that the BIA failed to review an article describing Sri Lankan security forces seeking to interrogate Tamils when they returned home from abroad. The BIA discussed this article in its opinion denying Fernando's third motion to reopen and noted in its fourth denial that "[o]ther documents submitted in support of the returned asylum seeker claim . . . were considered and addressed in the [BIA's] prior decision." AR 5. In any event, the article addresses country conditions from 2009 to 2015, not those in 2018.

4

history of torturing returned asylum seekers . . . is, sadly, an old condition that has continued, which also makes [the petitioner's] reopen motion a nonstarter").

Second, substantial evidence supports the BIA's finding that the treatment of Tamils in Sri Lanka did not materially change between 1998 and 2018. Fernando argues that, while being Tamil contributed to a person's persecution in 1998, since 2018, being Tamil is a dispositive "factor" resulting in persecution in Sri Lanka. Pet'r's Br. at 15. Unfortunately, as the BIA correctly recognized, Fernando's evidence showed that "ethnicity has long been a factor in mistreatment of Tamils . . . by the Sri Lankan government." AR 5-6. For example, one document titled "Sri Lanka's Genocide Against Tamils" provided that "Sri Lanka's historic violations include over 60 years of state-sponsored anti-Tamil pogroms, massacres, sexual violence, and acts of cultural and linguistic destruction perpetrated by the state." AR 375. A 1997 Department of State country conditions report about Sri Lanka also noted that Sri Lankan security forces "conduct[ed] mass arrests of young Tamils." AR 1126. In short, Fernando's evidence shows the continued mistreatment of Tamils in Sri Lanka and the absence of a material change in country conditions.

Accordingly, because Fernando's motion is time- and number-barred and he has not presented a basis to overcome this limitation, we cannot say the BIA abused its discretion in denying Fernando's fourth motion to reopen.[3]

_____

[3] Because a change in country conditions is a "threshold question" before a motion to reopen may "be brought," and substantial evidence supports the BIA's finding that Fernando failed to show material changes in country conditions, we need not address the

5

## III

For the foregoing reasons, we will deny Fernando's petition for review.

---

merits of whether he has "ma[d]e out a <u>prima facie</u> case for asylum" or withholding of removal. <u>Shardar v. Att'y Gen.</u>, 503 F.3d 308, 312 (3d Cir. 2007).